IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL MINTON,
    Plaintiff,

vs.                                      Case No. 5:10cv61/RH/EMT

NURSE JENKINS, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

       This cause is before the court on Plaintiff's motion for preliminary injunction, filed February 2, 2011 (Doc. 39). The court directed service of Plaintiff's Second Amended Complaint upon Defendants (*see* Docs. 35, 40); however, service upon all Defendants has not been effected.

       Plaintiff's Second Amended Complaint alleges Defendants (three of whom are members of the medical staff at Apalachee Correctional Institution ("ACI"), where Plaintiff is currently housed, and two of whom are members of the medical staff at the Reception and Medical Center) failed to provide adequate medical care for injuries Plaintiff sustained after he was assaulted by another inmate on November 9, 2009 (*see* Doc. 24 at 6–24).[1] In the instant motion, Plaintiff alleges he will likely suffer retaliation by Defendants at ACI, as well as other members of the medical staff and correctional staff at ACI, for his filing the instant lawsuit (Doc. 39 at 3, 10). He states retaliation commonly occurs when inmates file lawsuits, and it takes the form of placement in confinement, the filing of false disciplinary charges, or physical harm (*id.* at 3–4, 10–11). Plaintiff further states that after he filed the Second Amended Complaint (on November 24, 2010), he was handcuffed and placed in administrative confinement for eight (8) days without being charged with a disciplinary

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

infraction (*id.*). Plaintiff states the conditions in confinement are "atrocious"; inmates are forced to endure 30° temperatures without proper clothing or blankets, they are deprived of most of their property, and it is difficult of obtain soap, toilet paper, and toothpaste (*id.* at 5). Plaintiff also asserts he may be denied proper medical care in the future in retaliation for filing this civil rights action (*id.* at 5, 10–11). He states he has a heart condition, but the medical staff "cleared" him for a work assignment in food service, which significantly increases his chest pain and potential for a heart attack (*id.* at 12–13). He also states he was issued boots with a large hole in the bottom in retaliation for filing this lawsuit (*id.* at 13). Plaintiff argues he will likely succeed on the merits of his Eighth Amendment claims, since his complaint describes "a number of shocking constitutional violations," and his allegations are documented by medical records and affidavits (*id.* at 7). As relief, Plaintiff seeks transfer to another correctional facility, preferably Graceville Correctional Institution (*id.* at 1–2, 6, 11, 13).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;
2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;
3. The threatened injury to Plaintiff outweighs the threatened harm injunction will do to the defendant; and
4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Importers, Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the

'burden of persuasion' as to the four requisites." CBS Broadcasting, Inc., 265 F.3d at 1200 (citation omitted).

Plaintiff has not clearly established that there exists a substantial threat that he will suffer irreparable injury if the injunction is not granted. Although Plaintiff asserts his personal belief that retaliation was the motive for his placement in administrative confinement for eight (8) days, his being "cleared" for a work assignment in food service, and his being issued inadequate footwear, he does not allege that any Defendant was involved in these actions or decisions, nor does he provide any factual support for his assertion of retaliatory motive. Furthermore, Plaintiff's allegations fall far short of satisfying his burden of persuasion that the threat of harm he faces if this injunction is not granted is substantial and the threatened injury irreparable. Therefore, Plaintiff has failed to show he is entitled to a preliminary injunction.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for preliminary injunction (Doc. 39) be **DENIED without prejudice**.

At Pensacola, Florida, this 11th day of February 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**