IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL MINTON,
    Plaintiff,

vs.                                Case No. 5:10cv61/RH/EMT

NURSE JENKINS, et al.,
    Defendants.
_____/

**O R D E R**

        This matter is before the court on Defendants Jenkins, Parker, and Arunakul's motion to stay discovery (Doc. 81). Plaintiff opposes the motion (Doc. 89). Also before the court is Plaintiff's motion for appointment of counsel (Doc. 84).

        Defendants Jenkins, Parker, and Arunakul seek a stay of discovery until disposition of their motion to dismiss.[1] Defendants contend their motion to dismiss, if granted, would dispose of all of Plaintiff's claims; therefore, discovery should be stayed in the interest of conserving the parties' time and resources. Plaintiff opposes the motion to stay discovery on the following grounds: (1) he (Plaintiff) already agreed to one extension of the deadline for Defendants to respond to his discovery requests, (2) Defendants have not yet filed a answer to the complaint, (3) he is prejudiced by repeated delays by Defendants, and a stay would not be in the interest of justice, and (4) even if the court "callously" granted Defendants' motion to dismiss, Plaintiff would re-file the lawsuit, and discovery obtained now would expedite the new case (Doc. 89).

        District courts are given extremely broad discretion in controlling discovery. Crawford-El v. Britton, 523 U.S. 574, 598, 118 S. Ct. 1584, 140 L. Ed. 2d. 759 (1998); Klay v. All Defendants, 425 F.3d 977, 982 (11th Cir. 2005) (citing Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)). The court may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit, considering, among other factors, the needs of the case, the parties'

---

[1] Defendants seeks dismissal of Plaintiff's complaint on the ground that he provided false statements to the court concerning his prior litigation (*see* Doc. 79).

resources, and the importance of the discovery in resolving the issues at stake in the action. Fed. R. Civ. P. 26(b)(2)(c).

Additionally, the Eleventh Circuit has instructed:

> Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote and citation omitted). The court further explained that delaying a ruling on the motion to dismiss "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs," and advised that "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible." Id. at 1368 (footnote omitted). When a motion to dismiss is pending, it is not necessary for the court to decide the merits of the motion to determine whether the motion to stay discovery should be granted; however, "it is necessary for the court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." Feldman v. Flood, 176 F.R.D. 651, 652–53 (M.D. Fla. 1997) (denying stay of discovery).

In the instant case, upon preliminary review of Defendants' motion to dismiss and Plaintiff's response to the motion (Docs. 79, 83), the court "perceive[s] an immediate and clear possibility" that the motion will be granted and this action entirely terminated. Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1988). Therefore, Defendants' burden and expense of responding to Plaintiff's discovery requests outweighs any benefit at this stage of the litigation. Furthermore, Plaintiff has failed to show he will be prejudiced by a stay of discovery. The matters raised in Defendants' motion to dismiss and Plaintiff's response demonstrate that neither the parties nor the court have any need for discovery before the court rules on the motion to dismiss. Additionally, because the motion to dismiss is ready for disposition, and the undersigned intends to issue a Report and Recommendation on the motion without delay, the stay of discovery will be brief. Because legitimate reasons justify a stay of discovery until disposition of Defendants Jenkins, Parker, and Arunakul's motion to dismiss, and it does not appear that any party will be prejudiced by a brief stay, Defendants' motion for stay will be granted.

As a final matter, Plaintiff's motion for appointment of counsel will be denied. The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or

complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). As the court at this time does not view the case as exceptionally complex, Plaintiff's motion will be denied without prejudice. Appointment of counsel may be considered at a later time should the need for counsel become evident.

Accordingly, it is **ORDERED**:

1. Defendants Jenkins, Parker, and Arunakul's motion to stay discovery (Doc. 81) is **GRANTED**. All discovery is hereby stayed until resolution of Defendants Jenkins, Parker, and Arunakul's motion to dismiss (Doc. 79).

2. Plaintiff's Motion For Appointment of Counsel (Doc. 84) is **DENIED** without prejudice.

**DONE AND ORDERED** this 24th day of May 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**