IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL MINTON,
    Plaintiff,

vs.                                Case No. 5:10cv61/RH/EMT

NURSE JENKINS et al.,
    Defendants.
_____/

## ORDER

        This matter is before the court on Plaintiff's Motion to Appoint Expert Witness (Doc. 94). Plaintiff has also filed a motion for leave to file a response (Doc. 95) to Defendants' reply to Plaintiff's response (Doc. 83) to Defendants' motion to dismiss (Doc. 79). Also before the court is Plaintiff's objection to the court's order issued May 23, 2011 (Doc. 86), granting Defendants' motion for leave to file a reply (Doc. 96). The court construes Plaintiff's objection as a motion for reconsideration of the order issued May 23, 2011.

        In Plaintiff's Motion to Appoint Expert Witness, Plaintiff asks the court to appoint a neurologist to provide an expert opinion on the effects, if any, of a concussion on an individual's long-term memory (Doc. 94 at 8). Plaintiff asserts he suffered a severe concussion, loss of consciousness, and amnesia after a head injury on November 19, 2009 (*id.* at 2). He also describes the possible neurological effects of a concussion, including changes in metabolism, disruption of nerve signals, and the release of proteins which are linked to Alzheimer's Disease and memory loss (*id.* at 3–4). Plaintiff also asserts that concussed individuals often experience the return of symptoms of a concussion when they engage in reading and writing, especially when a high degree of concentration is required (*id.* at 4–5). In support of his assertions, Plaintiff submitted material from an unidentified source describing "concussion physics" and new brain scan methods which make it easier to detect concussions (*id.* at 9). Plaintiff contends a neurologist would assist the court in

determining whether Plaintiff suffers memory loss as a result of his concussion on November 19, 2009, and therefore assist the court in ruling on Defendants' motion to dismiss (*id.* at 6).[1]  Plaintiff asserts the appointment of a neurologist would also enable him to receive thorough treatment for his post-concussion symptoms (*id.*).

The Eleventh Circuit has not addressed the issue of whether expert witnesses can be appointed to assist a plaintiff proceeding under the in forma pauperis ("IFP") statute, 28 U.S.C. U.S. 1915.  The Supreme Court held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." United States v. MacCollom, 426 U.S. 317, 321, 96 S. Ct. 2086, 48 L. Ed. 2d 666 (1976).  The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant.  In Pedraza v. Jones, 71 F.3d 194 (5th Cir. 1995), the Fifth Circuit held that district courts lack authority to appoint expert witnesses to assist IFP plaintiffs. *Id.* at 196–97.  Similarly, in Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987), the Third Circuit held that section 1915 makes no provision for a district court to either pay or waive fees for an expert witness.  *Id.* at 474.  The Third Circuit concluded that "in these circumstances we cannot fault the district court for not exercising a power it did not possess."  *Id.* The undersigned agrees that this court has no authority to appoint an expert witness under section 1915.[2]

---

[1] Defendants seek dismissal of this action as a sanction for Plaintiff's failure to disclose his complete litigation history, as required on the court's civil rights complaint form for use by prisoners.  Plaintiff opposes the motion to dismiss on the ground that he did not remember his litigation history because he suffered long-term memory loss as a result of the head injury he received on November 19, 2009 (Defendants' treatment of which is the subject of this § 1983 action).

[2] Although section 1915(c) provides that "[w]itnesses shall attend as in other cases," the circuit courts that have addressed the issue of court payment for non-expert witness fees, such as attendance and mileage, have consistently held that federal courts are not authorized to waive or pay witness fees on behalf of an IFP litigant.  See Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211–12 (9th Cir. 1989); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir. 1987); Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986); U.S. Marshals Serv. v. Means, 741 F.2d 1053, 1057 (8th Cir. 1984), *rev'd on other grounds*, 858 F.2d 404 (8th Cir. 1988); Johnson v. Hubbard, 698 F.2d 286, 289-90 (6th Cir. 1983).

Under Rule 706(a) of the Federal Rules of Evidence, a trial court may, on its own motion or on the motion of a party, appoint an expert witness selected by the parties or of its own choosing. The Rule provides that an expert witness shall not be appointed by the court unless the witness consents to act. Fed. R. Evid. 706(a). The Rule further provides that, in civil actions not involving just compensation under the Fifth Amendment, an expert so appointed "shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid. 706(b). Due to Plaintiff's indigent status, the appointment of an expert in this case would necessarily require the court to apportion all of the cost to the State. The Eleventh Circuit has never held whether, or under what circumstances, such an arrangement might be allowable. A few circuits have allowed appointment even when one party was indigent and unable to bear a portion of the costs. *See* McKinney v. Anderson, 924 F.2d 1500, 1511 (9th Cir.), *vacated and remanded on other grounds*, 502 U.S. 903, 112 S. Ct. 291, 116 L. Ed. 2d 236 (1991); Webster v. Sowders, 846 F.2d 1032, 1038–39 (6th Cir. 1988).

In the instant case, Plaintiff has not proffered the name of a neurologist who has consented to act in this case. Furthermore, Plaintiff has failed to show that appointment of a neurologist is necessary to determine the issues raised in Defendants' motion to dismiss. Therefore, Plaintiff's motion for appointment of an expert will be denied.

Plaintiff's motion for leave to file a response (Doc. 95) to Defendants' reply to Plaintiff's response (Doc. 83) to Defendants' motion to dismiss (Doc. 79) will also be denied. Rule 7.1 of the Local Rules for the Northern District of Florida generally governs motions. The Rule provides that the non-moving party may file a response to a motion and, upon a showing of good cause and obtaining leave of court, the moving party may file a reply to the non-moving party's response. *See* N.D. Fla. Loc. R. 7.1(C). The Rule does not provide for the filing of an additional response by the non-moving party.

Furthermore, Plaintiff has failed to show good cause for filing a response. He states Defendants obtained his medical records through discovery and utilized those records to submit Dr. Solorzano-Pallais's affidavit refuting Plaintiff's contention that his failure to disclose his litigation

history was the result of a concussion he received during a head injury on November 19, 2009 (Doc. 95 at 3).  Plaintiff states he wishes to obtain copies of those medical records from Defendants through discovery (specifically, his medical records from Jacksonville Memorial Hospital) to show that a CAT scan was conducted two days after his injury, and he received no follow-up with a physician or neurologist (*id.*).

The court notes that Plaintiff submitted medical records, including records from Jacksonville Memorial Hospital, as exhibits to his original complaint (Doc. 1).  Therefore, those documents were in his possession at the time he filed his response to Defendants' motion to dismiss and could have been submitted in support of his claimed memory loss.[3]  As Plaintiff has failed to show good cause for filing a response to Defendants' reply, his motion will be denied.

Finally, Plaintiff's motion for reconsideration of the court's order permitting Defendants to file a reply will be denied because Plaintiff has failed to identify reasons that would justify the relief sought.  Plaintiff is advised that he may obtain review of an order of this court on any pretrial matter by filing a motion for reconsideration with the district court, pursuant to 28 U.S.C. § 636(b)(1)(A), in which he must show that this court's order was clearly erroneous or contrary to law.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion to Appoint Expert Witness (Doc. 94) is **DENIED**.

2. Plaintiff's motion for leave to file a response (Doc. 95) is **DENIED**.

3. Plaintiff's objection to the court's order issued May 23, 2011 (Doc. 86), construed as a motion for reconsideration of that order (Doc. 96), is **DENIED**.

**DONE AND ORDERED** this 27th day of May, 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff admitted in a previous motion filed with the court that he possess a copy of the medical records (Doc. 28).

Case No. 5:10cv61/RS/EMT